a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RYAN SANDERS #503472,<br>Plaintiff | CIVIL DOCKET NO. 1:23-CV-01402<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JAMES LEBLANC ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Temporary Restraining Order ("TRO") filed by pro se Plaintiff Ryan Sanders ("Sanders") in his civil rights case filed under 28 U.S.C. § 1983. ECF No. 1. Sanders is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Sanders asks that a TRO be issued allowing him to shave his face and receive a religious exemption. ECF No. 1 at 5.

Because Sanders is not entitled to a TRO, his request should be DENIED.

I. Background

On November 18, 2021, Sanders signed the "Religious Exception Request" Form B-08-005-A which states:

> My religion calls for the following exemption(s) to the provisions od [sic] Department regulation and/or offender policy: vegetarian diet, growing hair and beard i.e. dreadlocks, and exemption from cutting hair.

ECF No. 1-3 at 10. After the six-month probationary period, on May 31, 2022, the Chaplain approved the Exemption for Religious Purposes request. ECF No. 1-3 at 2,

1

40.  Accordingly, Sanders was advised, per policy, that "[a]ny cutting, shaving or styling of his hair and/or beard will be viewed as a violation of his hair exemption." ECF No. 1-3 at 40.

On an unspecified date, Sanders shaved his beard. On September 20, 2022, Sanders made a sick call requesting a duty status stating that "he needs to rid himself of facial hair due to medical problems." ECF No. 1-3 at 27. Medical staff assessed Sanders and noted a few small bumps from shaving. *Id.* at 10. There were no signs or symptoms of infection noted. The health care provider did not change the duty status. *Id.*

On November 4, 2022, the Warden revoked Sanders's Exemption for Religious Purposes because Sanders had violated the policy by shaving his face. The six-month probationary period started over on that date. ECF No. 1-3 at 8. Sanders was advised that he would be eligible for a Hair Exemption Grant on May 4, 2023. *Id.*

On November 16, 2022, Sanders made another sick call requesting a duty status for "shaving irritation." ECF No. 1-3 at 10. The health care provider found no medical reason that Sanders had to shave and denied the duty status adjustment. *Id.*

On May 26, 2023, after the renewed six-month probationary period had passed, Sanders was denied the Exemption for Religious Purposes because the Chaplain determined that Sanders was only participating in his religious opportunities 25% of the time, and at least 50% attendance on a monthly basis is required. ECF No. 1-3 at 35.

## II. Law and Analysis

A TRO is a "an extraordinary and drastic remedy." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). The purpose of a temporary restraining order is to "preserve, for a very brief time, the status quo, so as to avoid irreparable injury pending a hearing on the issuance of a preliminary injunction." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 829 (5th Cir. 1976); *see also*, *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (noting that *ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo"). And the primary purpose of a preliminary injunction is "to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Shakouri v. Raines*, 11-CV-00126, 2012 WL 12872434, at *2 (W.D. Tex. 2012) (quoting *Canal Auth. of the State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)).

To obtain a preliminary injunction or TRO, a movant must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (citation omitted). Rule 65 of the Federal Rules of Civil Procedure makes clear that a court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result

>   to the movant before the adverse party can be heard in opposition; and
>
>   (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65.

Sanders has presented no allegations of a substantial threat of irreparable injury, loss, or damage before the adverse parties can be heard in opposition. Sanders began shaving his face over a year ago, and his hair was cut in November of 2022. He is not facing the imminent cutting of dreadlocks or removal of facial hair.

## III. Conclusion

Because Sanders is not entitled to emergency injunctive relief before the opposing party can be heard, IT IS RECOMMENDED that his Motion for TRO (ECF No. 4) be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

5

SIGNED on Thursday, October 5, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE