a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RYAN SANDERS #503472,<br>Plaintiff | CIVIL DOCKET NO. 1:23-CV-01402<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| JAMES LEBLANC ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 28 U.S.C. § 1983 filed by pro se Plaintiff Ryan Sanders ("Sanders"). ECF No. 9. Sanders is incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Sanders alleges that he is being denied the right to practice his religion.

Because Sanders failed to comply with the Court's Order regarding service of process, the Complaint (ECF No. 9) should be DISMISSED WITHOUT PREJUDICE.

I. Background

Sanders alleges that his religious exemption was revoked because he shaved his beard. ECF Nos. 1, 9. Sanders maintains that facial hair causes him to experience rashes requiring cortisone cream treatment. However, he alleges that he follows all other tenets of his Rastafarian religion. *Id.*

The Clerk of Court issued documents for service of process. ECF No. 15. Sanders was ordered to complete the forms and return them to the Clerk for service by the U.S. Marshals Service. *Id.*

1

II. Law and Analysis

A district court may dismiss an action for a plaintiff's failure to prosecute or to comply with any order. *See* Fed. R. Civ. P. 41(b). The dismissal may occur upon the motion of a defendant or the Court's own motion. The authority to dismiss sua sponte is provided to "achieve the orderly and expeditious disposition of cases"; to "prevent undue delays"; and to "avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962); *see also Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984); *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980). Additionally, the Court's Local Rules allow for dismissal by the Clerk or any judge for failure to prosecute when service of process is not timely effectuated. L.R. 41.3 (W.D. La.).

Sanders was ordered to return the documents for service of process by January 10, 2024. ECF No. 9. To date, Sanders has failed to comply or request an extension of time within which to do so.

III. Conclusion

Because Sanders failed to comply with the Court's Order, IT IS RECOMMENDED that the Complaint (ECF No. 9) be DISMISSED WITHOUT PREJUDICE under Rule 41 of the Federal Rules of Civil Procedure and Local Rule 41.3.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, March 27, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE